# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABMAA
# WESTERN DIVISION

| | | |
|---|---|---|
| **Cornelia Johnson,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV-2017-900065 |
| | * | |
| **USAA Insurance Agency, Inc.,** | * | |
| | * | |
| Defendant. | * | |

## NOTICE OF REMOVAL

COMES NOW, the defendant Garrison Property and Casualty Insurance ("Garrison"), incorrectly identified as USAA Insurance Agency ("USAA"), by and through their undersigned counsel of record and pursuant to Title 28, United States Code § 1332, 1441 (a) and 1441 (b) and gives notice with full reservation of all defenses, that this case is hereby removed from the Circuit Court of Greene County to the United States District Court for the Northern District of Alabama, Western Division and in support thereof, defendants state as follows:

## I. BACKGROUND

1.      The above-described civil action is one which this Court has jurisdiction under the provision of Title 28, United States Code, § 1332, and is one

which may be removed to this Court by Garrison pursuant to the provisions of Title 28, United States Code, § 1441, as amended.

2. This civil action was commenced by Cornelia Johnson on October 10, 2017, in the Circuit Court of Greene County, Alabama, CV-2017-900065, against Garrison, incorrectly identified as USAA. USAA received a copy of the Complaint and Summons on November 1, 2017 to their registered agent, Corporate Service Company, at 641 South Lawrence Street, Montgomery, Alabama 36104. Nevertheless, USAA agreed to accept service on Garrison's behalf and to substitute Garrison as the named defendant in this action. The Complaint and Answer filed with the Circuit Court of Greene County are attached hereto as Exhibit "A."

## II. COMPLETE DIVERSITY IS SATISFIED

3. There is complete diversity of the parties as Garrison is not a citizen of the same state as the Plaintiff. For purposes of this removal, the Plaintiff is a citizen of the State of Alabama, as plead in her Complaint. Plaintiff lives in Alabama and is an Alabama resident. Corporations are deemed to be a citizen of the state where they are incorporated or their principal place of business. 28 U.S.C. § 1332. Therefore, for purposes of diversity jurisdiction, Defendant Garrison is a citizen of the state of Texas as it is incorporated in Texas and have its principal place of business in Texas. All business decision making and record keeping occurs in its Texas location. The

Supreme Court has held that the principal place of business, for a corporation, is "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . [it] is the actual center of direction, control and coordination, i.e., the 'nerve center'. . . " *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). In congruence with *Hertz*, Garrison's nerve center is located in Texas, and therefore, for purposes of diversity jurisdiction, it is deemed to be citizens of the state of Texas. All of the above, regarding diversity, was true at the time of filing suit in Greene County, Alabama and are true at the time of this removal. As such, the Defendant is a citizen of a different state from the Plaintiff, satisfying the removal requirement of complete diversity at the time the suit was filed.

### III. UNINAMITY OF CONSENT TO REMOVAL

4.      By the filing of this Notice, all properly served defendants join in and consent to this removal. 28 U.S.C. § 1446 (b)(2)(A).

### IV. AMOUNT IN CONTROVERSY IS SATISFIED

5.      As part of its Complaint in this matter, the Plaintiff alleges she was injured as a result of the negligence and/or wantonness of an unknown third party. As a result of the accident, she was caused to suffer damages and injuries including but not limited to, bodily injury to her person, physical pain and suffering, presently and in the future. Additionally, the Plaintiff states she was forced to undergo medical

treatment and incur medical and surgical bills and will likely incur further medical expenses in the future. Finally, she alleges the injuries sustained are permanent and denies pre-existing conditions. As such, the amount in controversy in this case exceeds the jurisdictional minimal for diversity jurisdiction.

  6. Based upon a settlement demand received on May 10, 2018, Plaintiff has demanded settlement of this case for the sum of $150,000.00 an amount clearly over the jurisdictional minimum for this court. If the specific amount demanded had been stated in the plaintiff's complaint originally, it would have been accepted by the court as evidence the amount in controversy had been met.

  7. The amount in controversy for removal can be demonstrated not only through the initial pleading, but also through "other papers," if the initial pleading was not facially removable, as it was not in this case. *See* 28 U.S.C. § 1446 (b)(3). A demand letter, exceeding $75,000, constitutes "other paper" upon which removal may be based. *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213 n. 62 (11th Cir. 2007). Moreover, the court clarified the meaning of "other paper" for the purposes of § 1446(b), specifying a pre-suit demand letter would not be sufficient as "other paper" from which the defendant could assert a jurisdictional amount in controversy and remove the case. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992). Additionally, since the demand letter was sent after the initial pleading was filled, this is clearly a post-suit demand letter, valid for removal purposes of showing

an amount in controversy. *Jade East Tower Developers v. Nationwide Mut. Ins. Co.*, 936 F.Supp. 890, 891-892 (N.D. Fla. 1996).

8.    The plaintiff's arrived at their demand by assessing the pain and suffering awarded along with the venue the case currently sits, which is a venue in the Plaintiff's favor for a verdict well above $75,000. Therefore, the demand letter and poor venue, when analyzed under recent case law, make it readily apparent that the amount in controversy has been satisfied and this case is due to be removed to Federal Court.

## V. REMOVAL IS TIMELY

9.    Removal is timely as it is being effected within thirty days of the receipt of an "other paper," showing removal is proper, as defined by 28 U.S.C. § 1446(b). As set forth above, this notice of removal is filed within thirty days after receipt of the demand letter sent from the plaintiff. Under 28 U.S.C. § 1446 (b), removal must be filed within 30 days from the receipt of an "other paper" from which the defendant can first ascertain the case is removable. This removal is therefore timely as it has been field within 30 days of said date. 28 U.S.C. § 1446(b).

**WHEREFORE, PREMISES CONSIDERED**, defendants moves this Honorable Court to take jurisdiction over this cause, affect removal of this action from the Circuit Court of Greene County, Alabama and enter such orders as may be

necessary to obtain a true record of such proceedings as may have been filed in the circuit court of Greene County, Alabama.

      Respectfully submitted, this 8th day of June, 2018.

                                          s/ James L. Pattillo
                                          James L. Pattillo (PAT061)
                                          Attorney for Defendant

**OF COUNSEL:**
CHRISTIAN & SMALL LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203
Phone:  (205) 795-6588
Fax:  (205) 328-7234
Email:  jlp@csattorneys.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of Court using the Alafile system and that I have served a copy of the foregoing electronically on this the 8th day of June, 2018, as follows as directed by the court:

J. Flint Liddon
David E. Miller, Jr.
Liddon Law Firm
1330 21st Way South
Suite G-10
Birmingham, AL 35205

                                          s/ James L. Pattillo
                                          Of Counsel