FILED
 2018 Jun-08  PM 04:21
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# EXHIBIT "A"

ELECTRONICALLY FILED
10/10/2017 11:19 AM
35-CV-2017-900065.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
MATTIE ATKINS, CLERK

### IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | |
|---|---|
| **CORNELIA JOHNSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No.:** _____ |
| ) | |
| **USAA INSURANCE AGENCY, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

### COMPLAINT

Comes now Plaintiff Cornelia Johnson, by and through her undersigned counsel of record, and hereby files this civil action for uninsured/underinsured motorist benefits for personal injuries she sustained in connection with a motor vehicle wreck on February 29, 2016.

1. Plaintiff Cornelia Johnson ("Plaintiff") is an adult resident citizen of Marengo County, Alabama.

2. Defendant USAA Insurance Agency, Inc. ("USAA") is a foreign corporation with a brick and mortar presence in Alabama, and which conducts substantial business in Greene County, Alabama.

3. The automobile wreck made basis of this civil action occurred in Greene County, Alabama.

4. At all times pertinent hereto, Third-party Anna Jackson Woodward ("Jackson-Woodward") was an insured through a policy of automobile insurance issued to her by USAA ("the policy").

5. At the time of the subject automobile wreck, Plaintiff was a passenger in a vehicle driven by Jackson-Woodward and qualified as an insured under the policy.

6. The policy provided for the payment of uninsured/underinsured motorist benefits in the event an insured, such as Plaintiff, was injured by the negligence and/or wantonness of an uninsured/underinsured motorist.

7. On February 29, 2016, Plaintiff was a passenger in a vehicle driven by Jackson-Woodward on Martin Luther King Drive in Forkland, Alabama (Greene County).

8. At that time, a vehicle driven by an unknown party struck Jackson-Woodward's vehicle from behind and fled the scene of the wreck.

9. As a direct and proximate consequence of the foregoing events, Plaintiff was caused to suffer damages. To wit: Plaintiff suffered bodily injury to her person, Plaintiff endured physical pain and suffering and will suffer more in the future, Plaintiff was forced to undergo medical treatment and incur medical and surgical bills and may incur more in the future, and Plaintiff's injuries are permanent.

10. Under the policy and Alabama law, the unknown third-party qualifies as an uninsured/underinsured motorist.

## Count I: Uninsured/Underinsured Motorist Benefits

11. Plaintiff repeats and re-alleges each allegation above as though they were fully set forth herein.

12. The negligent/wanton acts/omissions of the unknown third-party proximately caused Plaintiff's injuries and damages.

13. The third-party was an "uninsured/underinsured motorist" as defined by the subject policy and Alabama law.

**WHEREFORE**, based upon the foregoing, Plaintiff demands of USAA damages in the amount of $74,999.00.

DOCUMENT 14

Case 7:18-cv-00890-TMP   Document 1-1   Filed 06/08/18   Page 4 of 8

ELECTRONICALLY FILED
11/28/2017 1:00 PM
35-CV-2017-900065.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
MATTIE ATKINS, CLERK

**IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA**

| | | |
|---|---|---|
| **Cornelia Johnson,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | CV-2017-900065 |
| | * | |
| **USAA Insurance Agency, Inc.,** | * | |
| | * | |
| **Defendant.** | * | |

_____

**ANSWER**
_____

**COMES NOW** the defendant, **Garrison Property and Casualty Insurance Company incorrectly identified as USAA Insurance Agency, Inc.**, and states the following in answer to the plaintiff's Complaint:

### FIRST DEFENSE

This defendant pleads the general issue and says that it is not guilty of the matters alleged in the Complaint.

### SECOND DEFENSE

This defendant pleads the general issue and says that the allegations of the Complaint are not true.

### THIRD DEFENSE

This defendant says that the incident complained of was proximately caused by a new, independent, and intervening efficient cause, and not by this Defendant.

### FOURTH DEFENSE

As to the Complaint, this defendant denies each and every material allegation of the plaintiff's Complaint and specifically denies that the plaintiff is entitled to recover damages from this defendant.

### FIFTH DEFENSE

This defendant avers that there is no causal relationship between any act of this defendant and the injury alleged in the Complaint.

### SIXTH DEFENSE

The Complaint fails to state a claim for which relief can be granted.

### SEVENTH DEFENSE

The plaintiff was guilty of negligence which proximately caused or contributed to cause the injury and damage alleged.

### EIGHTH DEFENSE

The plaintiff assumed the risk of the injury and damage alleged.

### NINTH DEFENSE

Defendant did not breach any duty owed to the plaintiff.

### TENTH DEFENSE

This defendant pleads loss of consciousness.

### ELEVENTH DEFENSE

This defendant pleads sudden emergency.

### TWELFTH DEFENSE

This defendant pleads lack of subject matter jurisdiction.

### THIRTEENTH DEFENSE

This defendant pleads lack of personal jurisdiction.

### FOURTEENTH DEFENSE

This defendant pleads improper venue.

### FIFTEENTH DEFENSE

This defendant pleads insufficiency of process.

### SIXTEENTH DEFENSE

This defendant pleads insufficiency of service of process.

### SEVENTEENTH DEFENSE

The complaint fails to join a party under Rule 19 of the Alabama Rules of Civil Procedure.

**EIGTHEENTH DEFENSE**

This defendant says that the plaintiff's claims for punitive damages unconstitutionally violate the United States Constitution and the Constitution of the State of Alabama.

**NINETEENTH DEFENSE**

The plaintiff's demand for punitive damages violates the due process clause of the Fourteenth Amendment of the United States Constitution in that the claim for punitive damages is vague and not rationally related to any legitimate government interest.

**TWENTIETH DEFENSE**

The plaintiff's demand for punitive damages violates the Sixth Amendment of the United States Constitution in that the plaintiff's claim for punitive damages is a claim that is penal in nature, entitling the defendant to the same procedural safeguards afforded to a criminal defendant under the Sixth Amendment.

**TWENTY-FIRST DEFENSE**

The plaintiff's demand for punitive damages violates the self-incrimination clause of the Fifth Amendment of the United States Constitution in that the damages claimed are penal in nature while this defendant is required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment.

**TWENTY-SECOND DEFENSE**

The plaintiff's demand for punitive damages violates the Fifth Amendment of the United States Constitution, which prohibits deprivation of life, liberty, or property, except by due process of law in that the claim for punitive damages is vague and not rationally related to any legitimate government interest.

**TWENTY-THIRD DEFENSE**

The plaintiff's demand for punitive damages violates the rights guaranteed by the United States Constitution in that the claim for punitive damages is penal in nature for which the burden of proof on the plaintiffs is less than the "beyond a reasonable doubt" standard required in criminal cases.

**TWENTY-FOURTH DEFENSE**

This defendant denies each and every material allegation of plaintiff's Complaint and demands strict proof thereof.

**TWENTY-FIFTH DEFENSE**

This defendant did not breach any contractual duty owed to the plaintiff.

## TWENTY-SIXTH DEFENSE

This defendant pleads statute of limitations and the doctrine of laches.

> s/ James L. Pattillo
> James L. Pattillo (PAT061)
> Attorney for Defendant

OF COUNSEL:
Norman, Wood, Kendrick & Turner
Ridge Park Place
1130 22nd Street South
Suite 3000
Birmingham, Alabama  35205
Tel:    (205) 328-6643
Fax:    (205) 251-5479
Email:   jpattillo@nwkt.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the Alafile system and that I have served a copy of the foregoing electronically on this the 28th day of November, 2017, as follows as directed by the court:

J. Flint Liddon
David E. Miller, Jr.
Liddon Law Firm
1330 21st Way South
Suite G-10
Birmingham, AL 35205

> s/ James L. Pattillo
> Of Counsel

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

        Respectfully,

        */s/ J. Flint Liddon*
        J. Flint Liddon (LID002)
        David E. Miller, Jr. (MIL098)

**OF COUNSEL**:

LIDDON LAW FIRM
1330 21st Way South, Suite G-10
Birmingham, AL 35205
Tel: (205) 224-5675
Fax: (205) 203-4485
flint@liddonlaw.com
david@liddonlaw.com

**PLEASE SERVE THE DEFENDANT AT THE FOLLOWING ADDRESS:**

**USAA INSURANCE AGENCY, INC**
**c/o CT CORPORATION SYSTEM**
**2 North Jackson Street**
**Suite 605**
**Montgomery, Alabama 36104**

**PLEASE SERVE COMPLAINT WITH SUMMONS ALONG WITH INTERROGATORIES AND REQUEST FOR PRODUCTION**

3