IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| CORNELIA JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 7:18-cv-890-TMP |
| ) | |
| USAA INSURANCE AGENCY, INC., ) | |
| ) | |
| Defendant. ) | |

## **ORDER OF REMAND**

This action was removed to this court by defendant on the basis of diversity jurisdiction, alleging that the citizenships of the plaintiff and defendant are completely diverse and that more than $75,000 is in dispute between the parties. (Doc. 1). Plaintiff has moved to remand the case to the Circuit Court of Greene County, Alabama, challenging the assertion that the dispute involves the jurisdictional amount of $75,000 required by 28 U.S.C.§1332(a). (Doc. 4). Plaintiff's counsel filed an affidavit, asserting that the plaintiff did not seek more than $74,999 in damages and that the matter thus does not meet the jurisdictional threshold. (Doc. 7). The court entered an order on July 9, 2018, noting that plaintiff had asserted through counsel that her claim does not meet the jurisdictional minimum,

1

but that she had not sworn or otherwise attested to the amount of damages she sought. (Doc. 11). In response to the order, plaintiff filed an affidavit in which she swore that she would not seek or accept any judgment in excess of $74,999 on her claims arising from the incident made the basis of the lawsuit.[1] (Doc. 14). The defendant then filed a notice stating that it did not oppose the motion to remand. (Doc. 15).

Accordingly, there remains no ambiguity as to whether the amount in controversy exceeds $75,000. Plaintiff has affirmatively stated that she seeks less and will accept no more; therefore, federal jurisdiction cannot be founded upon § 1332, and the motion to remand on the basis of the lack of diversity jurisdiction is due to be granted. It is therefore ORDERED that the motion to remand is due to be and hereby is GRANTED, and the Clerk is DIRECTED to remand this action to the Circuit Court for Greene County, from whence it was removed.

DATED the 25th day of July, 2018.

_____
T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE

---

[1] Such affirmative statements are accepted by the court as verification of the damages sought, and the affidavit is sufficient to invoke the doctrine of judicial *estoppel* and to prevent plaintiff from later seeking damages in a greater amount.